```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                       :
CALVIN ADONY MARIANO ESPINOZA et al.,                  :
                                                       :
                                  Plaintiffs,          :
                                                       :   20-CV-4381 (JMF)
          -v-                                          :
                                                       :   MEMORANDUM OPINION
EURO DESIGN AND STONE LLC et al.,                      :   AND ORDER
                                                       :
                                  Defendants.          :
                                                       :
----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this case, Plaintiffs bring claims against Salih Ozen and Robert Lala under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*[1] Defendants Ozen and Lala, proceeding without counsel, move to dismiss the Complaint, asserting in nearly identical declarations that they "have never possessed operational control over" Plaintiffs' former employer, Euro Design and Stone, LLC, and "have never determined the wage, compensation, schedule or authority to fire or hire employees of Euro Design and Stone, LLC." ECF No. 56, ¶¶ 4-5; ECF No. 57, ¶¶ 3-4.

Upon review of the parties' submissions, the motions are both denied as meritless, substantially for the reasons set forth in Plaintiffs' memorandum of law in opposition to the motions. ECF No. 83.[2] Put simply, the Second Amended Complaint, ECF No. 61 ("SAC"), includes ample allegations — which the Court must assume to be true at this stage of the proceedings, *see, e.g.*, *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) — to support the conclusion that both Ozen and Lala were Plaintiffs' "employers" within the meaning of the FLSA and the NYLL. *See, e.g.*, SAC ¶¶ 3-4, 57-59, 62-68; *see also, e.g.*, *Guangcheng Chen v. Matsu Fusion Rest. Inc.*, No. 19-CV-11895 (JMF), 2020 WL 6135764, at *3 (S.D.N.Y. Oct. 16, 2020) (listing the factors to be considered in evaluating whether someone qualifies as an "employer" for purposes of the FLSA and NYLL). To the extent that Defendants dispute these allegations, they raise factual issues that cannot be resolved at this stage of the litigation. Accordingly, Defendants' motions are DENIED.

---

[1] On May 26, 2021, the Court dismissed Plaintiffs' claims against Euro Design and Stone LLC for failure to serve by the relevant deadline and/or failure to prosecute. ECF No. 82.

[2] The Court set a deadline of June 23, 2021, for any replies. ECF No. 82. Neither Ozen nor Lala filed one.

Defendants Ozen and Lala shall file an answer to the Second Amended Complaint **by July 30, 2021.** Additionally, the initial pretrial conference is REINSTATED and scheduled for **August 10, 2021**, at **2:30 p.m.** The parties shall file a joint letter and proposed Civil Case Management Plan no later than **the Thursday of the week prior to the initial pretrial conference**, as described in more detail in the Court's Order of June 11, 2020. *See* ECF No. 12. Additionally, the parties shall promptly contact the Chambers of Magistrate Judge Cave to schedule a settlement conference to take place **as soon as practicable.**

The initial pretrial conference on August 10, 2021, will be held remotely by teleconference in accordance with Rule 2(A) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, available at https://nysd.uscourts.gov/hon-jesse-m-furman. The parties should join the conference by calling the Court's dedicated conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#) key. (Members of the public and press may also attend using the same dial-in information; they will not be allowed to speak during the conference.)

As stated in Rule 2(C)(ii) of the Court's Emergency Individual Rules and Practices in Light of COVID-19, **no later than 24 hours before the conference**, Plaintiffs shall send a joint email to the Court with a list of those who may speak during the teleconference and the telephone numbers from which they expect to join the call. More broadly, the parties should review and comply with the rules and guidance regarding teleconferences set forth in the Court's Emergency Individual Rules and Practices in Light of COVID-19.

The Clerk of Court is directed to terminate ECF Nos. 56 and 57 and to mail a copy of this Memorandum Opinion and Order to Defendants.

SO ORDERED.

Dated: July 2, 2021
New York, New York

JESSE M. FURMAN
United States District Judge