UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                      :

CALVIN ADONY MARIANO ESPINOZA et al.,     :

                                      :

                    Plaintiffs,          :              20-CV-4381 (JMF)

                                        :

              -v-                      :              <u>ORDER</u>

                                        :

EURO DESIGN AND STONE LLC et al.,       :

                                        :

                   Defendants.       :

                                        :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      The parties are reminded that the initial pretrial conference in this case is scheduled for
**August 10, 2021,** at **2:30 p.m.**, and will be conducted by telephone.  **Any party that is
proceeding in this case** *pro se* **(without an attorney) is required to participate personally in
the teleconference.**  Participants should join the conference by calling the Court's dedicated
conference line at (888) 363-4749 and using access code 542-1540, followed by the pound (#)
key.  (Members of the public and press may also attend using the same dial-in information; they
will not be allowed to speak during the conference.)  As stated in Rule 2(B) of the Court's
Individual Rules and Practices in Civil Cases, no later than 24 hours before the conference,
Plaintiffs shall send a joint email to the Court with a list of those who may speak during the
teleconference and the telephone numbers from which they expect to join the call.

      Attached to this Order is a Discovery Guide prepared by the Court that provides a basic
overview of discovery procedures and the initial pretrial conference.  The Court strongly advises
Defendants to read the Guide in advance of conferring with the other party or parties and in
advance of the initial pretrial conference.  The Guide is provided only for informational
purposes, and does not override or replace any orders of the Court or rules that apply to this case.

      Upon reflection, given Defendants' *pro se* status, the parties need not submit the
proposed case management plan and joint letter contemplated in the Court's Order of June 11,
2020, and the Court's Memorandum Opinion and Order of July 2, 2021.  *See* ECF Nos. 12, 85.
Instead, the parties are hereby ORDERED to confer with each other prior to the conference
regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil
Procedure 16 conference.  Additionally, **by the Thursday of the week prior to the initial
pretrial conference, that is, by April 5, 2021,** the parties **each** must submit a separate letter, not
to exceed five (5) pages, providing the following information in separate paragraphs:

      (1)      A brief description of any discovery that has already taken place and of any
discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(2)     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(3)     A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(4)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  Instructions for filing documents by email are attached to this Order.  *Pro se* parties are also encouraged to consent to receive all court documents electronically.  A Consent to Electronic Service Form is attached to this Order and available on the Court's website at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf.  *Pro se* parties who are unable to use email may still submit documents by regular mail to the *Pro Se* Office, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007, or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street). In either case, however, there may be significant delays before such filings are received and/or docketed.  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a pro se party and counsel shall not be sent to the Court.  For more information, please visit the Court's website at www.nysd.uscourts.gov and review the Court's Individual Rules and Practices in Civil *Pro Se* Cases, attached to this Order.

If this case has been settled or otherwise terminated, counsel and any *pro se* party are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

The Clerk of Court is directed to mail a copy of this Order to Defendants.

SO ORDERED.

Dated: July 30, 2021
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# DISCOVERY

> This guide is intended to be a summary of basic discovery procedures. The statements in this guide do not constitute legal advice and may not be cited as legal authority. This guide does not take the place of the Federal Rules of Civil Procedure, this court's local rules, or the individual practices and orders of the judges of this court. Parties using this guide remain responsible for complying with all applicable rules of procedure.

## Introduction to Discovery

**What is discovery?**

- Discovery is the process through which the parties exchange information that may be helpful to prove their claims or defenses.

- The discovery process is governed by Federal Rules of Civil Procedure 26–37, 45, and the court's Local Civil Rules.

- Discovery generally begins after the defendant files an answer, the parties hold a discovery planning conference, and the judge issues a scheduling order.

- The discovery process is designed to go forward between the parties with minimal court involvement. Discovery issues should only be raised with the court if the parties have a dispute and cannot resolve the disagreement themselves.

- This packet will discuss the different discovery methods.

- Although many of the instructions below refer to "you," the requirements described apply to all parties.

**How do I serve discovery requests and responses?**

- A discovery request or response can be served by any method described in Federal Rule of Civil Procedure 5(b), including:

  o by mailing it

  o by handing it to the person

  o by leaving it at the person's office with a clerk or person in charge, or

  o by emailing it, if the parties have agreed to exchanging documents by email.

- To serve a discovery request on a nonparty (where permissible), you must follow the procedures in Federal Rule of Civil Procedure 45.



- You must sign your discovery requests and responses and include your name, address, phone number, and email address (if available).

## Do I have to file discovery requests or responses with the court?

- No. Federal Rule of Civil Procedure 5 and Local Civil Rule 5.1 state that discovery documents should not be filed with the court unless the judge requires the parties to file them.

## What are initial mandatory disclosures? (Rule 26(a))

- There is certain information that the parties must share with each other once a lawsuit has been filed, even before the other party requests it. Within 14 days after your discovery planning conference with your adversary, each party must provide to the other party:

  o The name, address, and phone number of anyone likely to have discoverable information that the party may use to support a claim or defense

  o A copy or a description (including category and location) of all documents, electronically stored information, and tangible things that the party has and may use to support a claim or defense

  o A calculation of each category of damages the party is claiming and the documents or materials on which the calculation is based

  o Any insurance agreement the party may have that may pay any judgment against it or that may indemnify or reimburse for payments made to satisfy the judgment.

- There are certain types of cases that are exempt from these initial disclosures. For example, if you are currently incarcerated, these disclosures are not automatically required in your case. Refer to Federal Rule of Civil Procedure 26(a)(1)(B) to see if your case falls into a category that is exempt.

## What if I am currently incarcerated?

- Local Civil Rule 33.2 – which applies to prisoner cases in which the plaintiff does not have a lawyer and alleges (1) use of force; (2) inmate-against-inmate assault; or (3) disciplinary due process violations where the punishment was confinement in the segregated housing unit for more than 100 days – requires defendants to automatically provide certain discovery to the plaintiff.

- The defendants must disclose the required information and documents within 120 days of when the complaint is served.



## What else must the parties disclose?

- If a party plans to call an expert witness, the party must provide an expert report that includes, among other things, a complete statement of all opinions the expert will express. See Fed. R. Civ. P. 26 (a)(2).

- If your case proceeds to trial, there is additional information that the parties will have to disclose, such as the identity of any witnesses they plan to call at trial. The judge will issue an order describing and setting a schedule for these pretrial disclosures.

## What is the scope of discovery? (Rule 26(b))

- Unless the judge sets other limits, parties may obtain discovery regarding any nonprivileged matter
  - that is relevant to a claim or defense of any party, and
  - is proportional to the needs of the case, considering
    - the importance of the issues at stake in the case
    - the amount in controversy in the case
    - your access to information relative to your adversary and your resources
    - the importance of the discovery in resolving the issues, and
    - whether the burden and expense of the proposed discovery outweighs its likely benefit.

## What are the limits on discovery? (Rule 26(b))

- The court may impose further limits on discovery, because, for example:
  - the discovery seeks information already provided or available from a more convenient and less expensive source
  - the party seeking the discovery has already had a chance to obtain the information
  - the discovery seeks documents and tangible things prepared for trial, or
  - the information requested is privileged, for example, due to the attorney-client or doctor-patient privilege, or is protected by confidentiality agreements.

## What if the parties have a disagreement about discovery?

- Disagreements about discovery are not uncommon. All parties must conduct discovery in good faith. This means that they must attempt to resolve disputes between themselves, for example, by discussing the matters in a telephone call, before seeking assistance from the judge.



- If the parties are unable to resolve discovery disputes after making good faith efforts to do so, it may be necessary to seek the judge's intervention.

- If you are not able to resolve discovery disputes by discussing them with the other side, Local Civil Rule 37.2 requires that you request a conference with the judge. You do this by writing a letter to the judge and delivering or mailing the letter to the Pro Se Intake Unit (the courthouse addresses are on the front page of this document).

# Pretrial Conferences

- The judge may schedule a number of pretrial conferences in your case.

- Once the defendant has filed an answer to the complaint, or after there has been a decision on a motion to dismiss the complaint, the judge may schedule an initial case management conference, also known as a Rule 16 conference or scheduling conference.

- A pretrial conference typically is held in the judge's courtroom with the parties or their lawyers present. In prisoner cases or cases where a party does not live in the area, the conference may be held by telephone or videoconference.

- At the conference, the parties and the judge will discuss and resolve scheduling or discovery issues or other matters.

- Scheduling of conferences is not automatic; it is up to the judge whether and when to hold conferences.

- Later pretrial conferences may be held to deal with changes to the schedule, to try to settle the case, to resolve discovery disputes, or to discuss a plan for trial.

### The Initial Case Management Conference (Rule 16)

- The initial case management conference often is the first opportunity for you and opposing counsel to meet with the judge and briefly describe the nature of your claims and the defendant's defenses. The judge will discuss discovery and the parties' discovery plan (if there is one), and whether the case can be settled at an early date.

- Opposing counsel may contact you to discuss a plan for discovery. This is because, except in certain types of cases (for example, where the plaintiff is incarcerated and does not have an attorney), Federal Rule of Civil Procedure 26(f) requires that you and the other parties to your case hold a conference to make a plan for discovery.

- This conference, which may be by telephone, must be held as soon as possible, but at least 21 days before the court is to hold an initial case management conference or a scheduling order is due. See Fed. R. Civ. P. 16.



- After the parties have their discovery conference, they must submit an outline of their proposed discovery plan to the court.

- At the initial case management conference, the parties and the judge will discuss a plan for discovery. At or after the conference, the judge will likely enter a scheduling order setting deadlines for amendment of the pleadings, motions, and the completion of discovery.

## Conduct at All Conferences

- When attending a conference, all parties should show respect for the judge by dressing neatly and being on time. A conference may be held in the courtroom or in a conference room.

- If the conference is held in the courtroom, the judge will sit on the bench and the parties will sit at the tables. The judge's deputy clerk will tell you where to sit.

- Whenever you speak to the judge, you should stand, unless the judge says otherwise. It is customary to refer to the judge as "Your Honor."

# Interrogatories (Rule 33)

### What are interrogatories?

- Interrogatories are written questions that the parties may serve on each other to help them learn information about the case.

- Federal Rule of Civil Procedure 33 and Local Civil Rules 33.2 and 33.3 explain the requirements for interrogatories.

### To whom can I direct interrogatories?

- You may serve interrogatories only on parties to the litigation.

### How much does it cost to serve interrogatories?

- The only cost is the cost of drafting and serving the questions on the party.

### What types of questions can I ask?

- The purpose of your interrogatories should be to uncover evidence for your case.

- Under Local Civil Rule 33.3, at the beginning of discovery, interrogatories may only be used to find out:

  o   the names of witnesses who may have information about the case

  o   the value of damages alleged

  o   the existence of documents relating to the case, or



o the existence of physical evidence.

## Do I need the judge's permission to serve interrogatories?

- Generally, no, but you would need to ask the judge's permission:
  - o to ask a party to answer more than 25 interrogatories, or
  - o to serve interrogatories at the beginning of discovery that are outside the scope of the four categories listed above.

## Do my interrogatories need to be in a particular format?

- Your interrogatories should be in a numbered list.

## How do I respond to interrogatories?

- You have 30 days to respond to interrogatories, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You must answer each interrogatory separately and fully in writing and under oath.

- If you have an objection to an interrogatory, you must explain it in writing. If you object only to part of the interrogatory, you must respond to the other part.

- If you do not understand what is being asked, you should first try to discuss it with the other party, rather than objecting or writing to the judge.

- If the other party believes that your objection is incorrect or unreasonable, that party may ask the judge to order you to respond.

## What if I am not sure of the answer to an interrogatory?

- You must answer an interrogatory to the best of your ability with all the information available to you.

- You must look for the answer to an interrogatory if it can be found in your records or some other available place.

- It is inappropriate to answer "I don't know" to an interrogatory if the information needed to answer the question is available to you.

## What if I want to change my answer after I have responded to an interrogatory?

- If you learn something new that would change your response to an interrogatory, you must let the other party know.

- You should send a letter amending your answer to include the new information. Your amended answer, like your original response, must be under oath.



# Requests for Production of Documents (Rule 34)

## What is a Request for Production of Documents?

- Requests for production of documents allow you to obtain or inspect documents, electronically stored information, or tangible objects relevant to your case.

## On whom can I serve document requests?

- Document requests can be served on anyone, not just parties to the lawsuit.
- Federal Rule of Civil Procedure 34 explains the requirements for document requests to be served on parties to the lawsuit. Federal Rule of Civil Procedure 45 explains the requirements for service on nonparties.

## What types of information can I obtain or inspect through a document request?

- Designated documents or electronically stored information – including writings, drawings, charts, photographs, images, etc.
- Any designated tangible things (for you to inspect, copy, test, or sample), including physical objects that are not documents, or
- Property (for you to inspect, photograph, or measure).

## How much does it cost to serve a request for production of documents?

- To serve a party to the lawsuit, the only cost is that of drafting and serving the request.
- There will be costs to serve a nonparty. See Fed. R. Civ. P. 45.

## Do my requests for document production need to be in a particular format?

- Your requests should be in a numbered list.

## How long do I have to respond to document requests?

- You have 30 days to serve a written response to document requests, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.
- You must produce the requested documents either at the time stated in the request or at another reasonable time that you specify in your response.

## In what form do I produce the requested documents?

- You must produce the documents in the form in which they are ordinarily maintained, or in reasonable usable form, unless otherwise specified in the request.



- You should organize and label the documents to correspond with the categories in the request.

**Do I have to produce all of the requested documents?**

- You must respond in writing to every individual document request. You can either produce the document or object to the request.
- You can object to part of a request, or the full request, but you must state a specific reason for each objection.

**Do I have to turn over medical or arrest records?**

- If your physical or mental condition is at issue in the lawsuit, or if your criminal history is at issue, you may be required to produce, or authorize release of, your medical records or arrest records.

# Depositions (Rules 27-32)

**What is a deposition and how does it work?**

- A deposition is a procedure used to get the testimony of a party or nonparty witness before trial.
- Depositions are conducted in a question-and-answer format and are generally recorded by a stenographer or by electronic means.
- The deponent (the person who is being deposed) answers questions under oath, meaning that he swears or affirms that all of his answers are true.

**Do parties need the judge's permission to take a deposition?**

- Each party is allowed to take up to ten depositions without the judge's permission.
- A party generally does not need the judge's permission to take a deposition, except when:
  - o the deponent is in prison
  - o the party has already taken ten depositions
  - o the deponent has already been deposed in the same case, or
  - o the party wants to take the deposition before the pretrial discovery conference.

**How do I arrange for a deposition?**

- First, consult with the attorneys for the other parties to choose a convenient time and location for the deposition. Then, serve a notice of deposition on all the parties to the suit and the deponent within a reasonable time before the deposition is scheduled.



- You must arrange a location to take a deposition, hire a court reporter or someone authorized to administer oaths and take testimony, and arrange for an interpreter if one is necessary.

- You are responsible for making sure the deposition is recorded and determining the method for recording the deposition. The deposition can be recorded by any method as long as the deponent is sworn in, but it is usually recorded by means of stenograph, audiotape, videotape, or tape recorder. You are responsible for paying the cost of the recording.

- A deposition can be taken by telephone or other remote means if the parties agree or if the court orders it.

- You may take a deposition at the courthouse. You may also arrange for the court to provide recording equipment. To make the arrangements, contact the Pro Se Intake Unit.

**How much will it cost to depose someone?**

- Depositions can be expensive because you need to pay the court reporter or person who will administer the oath as well as a translator if one is necessary.

- If you plan to use the deposition testimony as evidence, you will also need to pay for the recording of the deposition to be transcribed. The transcription could cost around $4 per page. The transcript for an hour-long deposition may consist of around 35-45 pages. If you took a deposition that lasted four hours with a court reporter, the cost could be approximately $1,000.

**What does a notice of deposition have to include?**

- The notice of the deposition must state the time and place of the deposition, and if known, the deponent's name and address.

- If you do not know the deponent's name and address, you must provide a general description sufficient to identify the person.

- You must also state the method for recording the testimony.

**When do I need to get a subpoena for a deposition?**

- If you want to depose a nonparty to the lawsuit, you must first request a subpoena from the Pro Se Intake Unit. You will be required to serve the subpoena and pay witness fees and reasonable travel expenses. See Fed. R. Civ. P. 45.

**How long can a deposition last?**

- A deposition is limited to one day of seven hours. If a deposition will last more than seven hours, you must get permission from the judge.



**What can I ask at a deposition?**

- Generally, you may ask questions about matters that are relevant to any party's claims or defenses.

**Does the deponent have to answer all of the questions?**

- Generally, the deponent has to answer all of the questions.

- The deponent may make an objection during the deposition, but his testimony must still be taken and the objection will later be reviewed by the judge. A deponent may refuse to answer a question in only two situations:

  o to preserve a privilege such as the attorney-client privilege or doctor-patient privilege, or

  o when the judge has already ordered that the question does not need to be answered.

- If there is a dispute about what can be asked, it may be necessary to call the judge to ask for a ruling.

**Can the deponent change his or her testimony after the deposition?**

- The deponent has 30 days after being notified that the transcript or recording is available to review the transcript.

- If the deponent would like changes to be made, he can sign a statement listing those changes and the statement will be attached to the deposition transcript, but the original transcript will not be changed.

**What if I can't take a deposition because I am incarcerated or because it is too expensive?**

- If you cannot appear at a deposition or you cannot afford to take one, you may use interrogatories to get answers to questions from a party to the case or an employee of the party.

- You may also ask the judge about alternative procedures that may be available.

## Requests for Admission (Rule 36 and Rule 37)

**What is a request for admission?**

- In a request for admission, one party asks another party to agree to the truth of specified facts or to the genuineness of specified documents.



- If both parties admit to the truth of a fact or validity of a document, the court will treat that fact or document as true for the rest of the litigation process. An admission in a particular lawsuit cannot be used as an admission in a different lawsuit.

- Requests for admission are often most useful near the end of the discovery period, when they can help narrow the issues for trial.

## What can I request admission to?

- Facts – for example, that Officers Brown and James were present at the incident

- The law that applies to a fact – for example, that Officers Brown and James are state actors

- The authenticity of documents – for example, that a document is the police report filed by Officers Brown and James relating to the incident

## Are there matters that are not appropriate for requests for admission?

- Yes. You should not ask other parties to admit to matters that you know are disputed. For example, you should not ask the defendant to admit "that Officer Brown beat me up."

## How many requests for admission can I serve?

- The rules do not limit the number of admissions you may request. Admissions from both parties can help speed up the litigation process and make it easier to submit documents into evidence. But requests for admission should be made in good faith and should not be so numerous as to be unduly burdensome to the opposing party.

## Do my requests for admission need to be in a particular format?

- Your requests should be in a numbered list.

## How do I respond to a request for admission?

- You have 30 days to serve a written response to a request for admission, but you may ask the other party for more time. If the other party declines, you may write to the judge to ask for an extension of time.

- You may admit the matter, specifically deny it, or state in detail why you cannot truthfully admit or deny it. You may also specify that you admit one part and deny or qualify the rest.

- You must state the grounds for objecting to a request.



**What happens if I do not respond to a request for admission?**

- If you do not respond to a request for admission within the time frame, the matter will be considered admitted.

**What happens if I deny a request for admission?**

- You may deny requests for admissions that you do not believe to be true.

- If the other party later proves that the fact is true or the document is authentic, that party may make a motion, seeking reasonable expenses, including attorney's fees, that resulted from proving the matter. The judge must grant the motion unless:

  o the request was objectionable

  o the admission sought was not important

  o the party who did not admit had reason to believe they might prevail on that matter; or

  o there was other good reason for the failure to admit.

# Physical and Mental Examinations (Rule 35)

**Can I be required to submit to a physical or mental examination?**

- If your physical or mental condition is at issue in the lawsuit, the court might order you to submit to a physical or mental examination. This might occur, for example, if you claim that the other party caused you physical injury or emotional harm.

**Who pays for the physical or mental examination?**

- The party that requests the examination must pay for it. You will not have to pay for the examination if the other party asks for it.

**Do I have to submit to an examination, if asked?**

- A court order is required for a mental or physical examination, unless the parties agree to the examination without an order. If you do not agree to an examination, the other party can make a motion, asking the judge to order you to submit to one.

- If you have been ordered to submit to an examination and you have questions about the procedure, you should write to the judge.

**United States District Court**
**Southern District of New York**
Temporary_Pro_Se_Filing@nysd.uscourts.gov.

# INSTRUCTIONS: EMAIL PRO SE FILINGS

## How do I email documents to the Clerk's Office for filing?

- SIGN. You must sign your document by either signing the document before you scan it or typing "/s/ [Your Name]." The Court will accept typed signatures in this format.

- CONTACT INFORMATION. The document must include your name, address, telephone number and email address (if available).

- SUBJECT LINE. For existing cases, the subject line of the email must read, "Pro Se Filing – XX-CV-XXXX." For new cases, the subject line of the email must read, "Pro Se Filing – New Case."

- EMAIL the PDF document to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

## Can I start a new case by email?

- **YES.** To start a new case, you may email your complaint to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

- In addition to emailing your complaint, you must either (1) email an application requesting that the fee be waived, available at https://nysd.uscourts.gov/node/838, or (2) pay the filing fee of $400. If you are paying the filing fee, add to the subject line, "Pro Se Filing – New Case – FEE PAID." Payment must be made within 21 days by certified check or money order, made out to Clerk, USDC, SDNY, and mailed to: Cashiers-Room 120, 500 Pearl Street, New York, NY 10007. The check must include the case number, which you can learn by calling (212) 805-0175.

## Can I include any questions or information in my email?

- **NO.** You must only include the attached document(s) for filing. No one will read messages in the body of the email and no one will respond to any questions.

Rev. 4/8/2020

## Will someone respond to my email?

- **NO.** This email address cannot respond to inquiries. The Clerk's Office will download the email attachment. This is a NO-REPLY email address. But you may call (212) 805-0175 to confirm that your documents were received. Please wait at least one week before calling.

## Can I email the assigned judge instead?

- **NO.** Any submission emailed to any other court email address will be disregarded by the recipient.

## Can the Clerk's Office assist with scanning?

- **NO.** If you are unable to email your documents, you must submit them by mail to the Pro Se Intake Unit.

## Can someone email my documents for me?

- **YES.** But please include your email address, if available, in the document. The Court will only communicate with the email address listed on the filed documents, and only if you have consented to receive court documents by email.

## Can I receive court documents by email?

- **YES.** Complete and email a signed consent to electronic service form.

## Do I need to serve my adversary?

- **NO.** After the document is emailed to the Court and electronically filed, your adversary will receive electronic notification of the filing.



**United States District Court**
**Southern District of New York**
*Pro Se Office*

# Pro Se (Nonprisoner) Consent & Registration Form to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail. Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[2]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.



**United States District Court**
**Southern District of New York**
*Pro Se Office*

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

_____
Name (Last, First, MI)

_____
Address            City              State              Zip Code

_____
Telephone Number                    E-mail Address

_____
Date                                Signature

**Return completed form to:**

Pro Se Office (Room 200)
500 Pearl Street
New York, NY 10007

Revised: July 13, 2021

<u>INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES</u>
**Jesse M. Furman, United States District Judge**

***Pro Se* Office**
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street, Room 105
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or (as discussed in Paragraph 2(B) below) emailed to the *Pro Se* Office, Thurgood Marshall Courthouse, 40 Centre Street, Room 105, New York, New York 10007. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned
Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at
least 48 hours* prior to the deadline or scheduled appearance.  Requests for
extensions will ordinarily be denied if made after the expiration of the original
deadline.

**2.   Filing of Papers and Service**

    **A.  Consent to Receive Electronic Service.**  To ensure timely service of documents,
including Court Orders, non-incarcerated *pro se* parties are encouraged to consent
to receive electronic service through the ECF System.  To do so, a *pro se* party
should review the instructions available at https://www.nysd.uscourts.gov/sites/
default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit
a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/
default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

    **B.  Papers Filed by a *Pro Se* Party.**  A *pro se* party may file papers with the Court
by:

        **i.**  delivering them in person to the *Pro Se* Office, Thurgood Marshall
Courthouse, 40 Centre Street, Room 105, New York, New York 10007;

        **ii.**  mailing them to the *Pro Se* Office, Thurgood Marshall Courthouse, 40
Centre Street, Room 105, New York, New York 10007;

        **iii.**  emailing them as an attachment in PDF format to Temporary_Pro_Se_
Filing@nysd.uscourts.gov, in which case the *pro se* party should follow
the instructions contained in the April 1, 2020 Addendum to the Court's
ECF Rules & Instructions, available at https://www.nysd.uscourts.gov
/electronic-case-filing; or

        **iv.**  filing them on the ECF System if the *pro se* party has filed a motion to
participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion
-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro
Se* Office) and been granted such permission by the Court.

    **C.  Service on a *Pro Se* Party.**  Absent a *pro se* party consenting to receipt of
electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper
copy of any document that is filed electronically and must file with the Court a
separate Affidavit of Service.  Submissions filed without proof of service that the
*pro se* party was served will not be considered.

### 3.  Discovery

All requests for discovery by a *pro se* party should be sent to counsel for the party from whom discovery is sought.  Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference.  If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

### 4.  Motions

A.  **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

B.  ***Pro Se* Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

C.  **Special Rule for Summary Judgment Motions.**  With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

D.  **No Courtesy Copies.**  Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

E.  **Oral Argument.**  Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

### 5.  Initial Case Management Conference

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties. Unless and until the Court orders otherwise, the conference will be held in person in Courtroom 1105 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York NY.  If any party wishes for the conference to be conducted remotely (by telephone or video), he or she should confer with all other parties and promptly file a letter to that effect with the Court.

The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery, and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone. If an incarcerated party does not have counsel and is unable to participate by telephone, a family member or a representative may attend the conference. In such instances, the incarcerated party may write to the Court in advance of the conference regarding any issue the *pro se* party wishes to have addressed at the conference. If a representative is designated, he or she should contact Chambers at (212) 805-0282 to determine the location of the conference. The Court will also have a transcript of the conference sent to the incarcerated party.

6. **Trial Documents**

   A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

   B. **Other Pretrial Filings.** If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement. At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd. uscourts.gov), in both .pdf and Microsoft Word formats. The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

4

7.  *Pro Se* **Clinic**

There is a *Pro Se* Law Clinic in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers.  The Clinic may be able to provide a non-incarcerated *pro se* litigant with advice in connection with his or her case.  The *Pro Se* Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.  Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  An unrepresented party can make an appointment in person or by calling (212) 659-6190.