UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN ADONY MARIANO ESPINOZA, et al.,

                               Plaintiffs,

-v-                                               CIVIL ACTION NO.: 20 Civ. 4381 (SLC)

EURO DESIGN AND STONE LLC, et al.,                     **ORDER**

                               Defendants.

**SARAH L. CAVE**, United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement agreement (ECF No. 131), and submitted a joint Letter-Motion in support of settlement (ECF No. 170 (the "Motion")) and proposed settlement agreement (ECF No. 170-1 (the "Agreement")) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). On March 23, 2023, the Court identified two discrepancies in the Agreement, as to which the Court directed the parties to file a joint letter and provide a revised agreement:

      a. The Agreement does not set forth an allocation of how much each Plaintiff shall receive. See Velazquez v. P.J.C.M. Rest. Corp., No. 15 Civ. 3602, 2016 WL 4987156, at *1 (S.D.N.Y. Sept. 15, 2016) (rejecting a proposed settlement that was unclear about how installment payments were to be distributed).

      b. The Agreement, in discussing the schedule of payment, specifies that the "[s]ettlement [a]mount shall be distributed in two (2) installments[,]" but later

discusses "[i]nstallment [t]wo to [t]en[.]"  (Compare ECF No. 170-1 at 2 § 1.a with id. at 2 § 1.a.ii).

(ECF No. 171 (the "Mar. 23 Order")).

On March 27, 2023, the parties filed a joint letter (the "Letter"), in which they: (i) provided an allocation of the settlement amount among the Plaintiffs (after deduction of attorneys' fees); and (ii) clarified that "the settlement will be paid in two installments" and asking the Court to "strike 'to ten'" from paragraph 1.a.ii of the Agreement.  (ECF No. 174).

The Court appreciates the parties' Letter addressing the discrepancies identified in the Mar. 23 Order, but as the parties are aware, the Court does not have the authority to rewrite the terms of their Agreement.  See Fisher v. SD Prot. Inc., 948 F.3d 593, 605 (2d Cir. 2020) ("A district court may not simply rewrite the terms of a settlement agreement because a 'settlement agreement is a contract that is interpreted according to general principles of contract law.'") (quoting Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005)); Patterson v. Newspaper & Mail Deliverers' Union of New York & Vicinity, 514 F.2d 767, 772 (2d Cir. 1975) (holding that courts "are powerless to rewrite the provisions of [a] settlement agreement").  Thus, the parties, not the Court, must make and execute the necessary revisions to the Agreement.

Accordingly, by **Monday, April 17, 2023**, the parties shall revise, re-execute, and re-file an amended agreement (the "Amended Agreement") that cures the deficiencies identified in the Mar. 23 Order.  The parties need only submit the Amended Agreement, and are not required to re-file the Motion.  See Del Rio v. 257 SG Pizza Corp., No. 19 Civ. 03426 (OTW), 2022 WL 1044261, at *2 (S.D.N.Y. Apr. 6, 2022) (directing the parties "resubmit an amended proposed settlement

agreement that cures the deficiencies" identified by the court); Ocasio v. Big Apple Sanitation, Inc., No. 13 Civ. 04758 (CBA) (LSB), 2016 WL 5376241, at *3 (E.D.N.Y. Mar. 16, 2016) (recommending that parties re-file a proposed settlement agreement to resolve deficiencies), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Lazaro-Garcia v. Sengupta Food Servs., No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *4 (S.D.N.Y. Dec. 15, 2015) (directing parties to "file a revised agreement consistent with this opinion").

Dated:     New York, New York  
          March 27, 2023

SO ORDERED.

_____  
**SARAH L. CAVE**  
**United States Magistrate Judge**